IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JORDAN T. MACBETH,<br><br>Defendant. | Case No. 3:18-CR-30045-NJR-1 |

## ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court are two Motions for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) filed by Defendant Jordan T. Macbeth. (Docs. 37, 39). In his first motion, Macbeth asserts that his sentence should be reduced due to the Supreme Court's decision in *United States v. Taylor*, 596 U.S. 845 (2022). In his second, Macbeth asks the Court to reduce his sentence so that he can avoid placement at a halfway house, which he believes would be disruptive to his rehabilitation. The Government opposes any modification to Macbeth's sentence. (Doc. 40). For the following reasons, the motions are denied.

### BACKGROUND

On September 5, 2018, the Court sentenced Macbeth to 108 months' imprisonment after he pleaded guilty to a two-count indictment charging him with interference with commerce by robbery in violation of 18 U.S.C. § 1951(a) and possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c). (Docs. 31). Macbeth's charges arose out of his robbery of a BP gas station in Nashville, Illinois, while absent

without leave (AWOL) from his posting in the United States Army. (Doc. 27).

Macbeth first filed a *pro se* Motion for Compassionate Release on October 25, 2023, citing the Supreme Court's decision in *Taylor* and his rehabilitation while in prison. (Doc. 37). On April 14, 2025, while his motion remained pending, he filed a second motion seeking release. (Doc. 39). In that motion, he states that there are no halfway houses in the Western District of Virginia, where he will complete his term of supervised release, so he was assigned to a facility in North Carolina. He worries that his time away from personal resources in Virginia will hamper his rehabilitation. The Government opposes release, arguing Macbeth has not identified extraordinary and compelling circumstances and that issues with his halfway house placement should be raised in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In the time since Macbeth filed his motions, he was transferred to the Raleigh Residential Reentry Management Facility in North Carolina. *See* BOP Inmate Lookup, https://www.bop.gov/inmateloc/ (last visited February 10, 2026). He is scheduled to be released on February 12, 2026. *Id.*

## DISCUSSION

Under 18 U.S.C. § 3582(c), a district court "may not modify a term of imprisonment once it has been imposed" unless an exception applies. *See Dillon v. United States*, 560 U.S. 817, 819 (2010). One exception allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). A federal prisoner may bring a motion for compassionate release after exhausting the administrative remedies provided by the BOP. *Id.*

The Seventh Circuit has described a two-step process for evaluating a prisoner's

motion for compassionate release. First, "the prisoner must identify an 'extraordinary and compelling' reason warranting a sentence reduction." *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021). Second, "[u]pon a finding that the prisoner has supplied such a reason," a court "consider[s] any applicable sentencing factors in § 3553(a) as part of determining what sentencing reduction to award the prisoner." *Id.*

Macbeth offers no indication that he exhausted his request for early release through the BOP. Nevertheless, the Government did not raise the issue in its response, so it is not a barrier to considering Macbeth's arguments for release. *See United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021) (explaining that exhaustion is "an affirmative defense, not a jurisdictional prerequisite, so the government will lose the benefit of the defense if it fails to properly invoke it.").

In his first motion, he cites the Supreme Court's decision in *Taylor* as an extraordinary and compelling reason for a reduction in his sentence. In that case, the Supreme Court held that attempted Hobbs Act robbery (18 U.S.C. § 1951(a)) was not a crime of violence that would trigger the application of 18 U.S.C. § 924(c). As Macbeth sees it, *Taylor* applies to his combination of convictions, so he is entitled to relief.

Regardless of whether that contention is accurate, the Seventh Circuit has held on many occasions that legal challenges to a sentence should be brought via a motion under 28 U.S.C. § 2255, not by seeking compassionate release under § 3582. *See United States v. Von Vader*, 58 F.4th 369, 371 (7th Cir. 2023) (collecting cases).

Macbeth's first motion also cites a variety of other factors, including his minimal criminal history, his age at the time of his conviction, and his acceptance of responsibility.

However, the Court was aware of these factors when it sentenced Macbeth initially and does not see any basis to conclude that they now make the defendant's circumstances extraordinary and compelling. *Cf. United States v. Hunter*, 12 F.4th 555, 562 (6th Cir. 2021) ("[F]acts that existed when the defendant was sentenced cannot later be construed as "extraordinary and compelling" justifications for a sentence reduction.").

Macbeth's more recent motion focuses on the potentially disruptive effect to his rehabilitation caused by his placement at a halfway house located in another state from where he will spend his time on supervised release. He also notes that he performed well in prison, did not have any disciplinary issues, completed educational courses, and obtained a job at the prison's laundry. The Court commends Macbeth on his accomplishments. However, these reasons do not rise to the level of extraordinary and compelling circumstances. To start, rehabilitation alone is not sufficient. *See* 28 U.S.C. § 994(t). Although the Sentencing Commission has stated that a defendant's rehabilitation may be considered in combination with circumstances, U.S.S.G. § 1B1.13(d), no other extraordinary circumstances are apparent on this record. The Court is sensitive to the difficulties posed by the lack of a halfway house closer to Macbeth's home community, but he has not established that any hardship is of an extraordinary character. *Cf. Anduha v. United States*, No. 21-00141, 2024 WL 4932770, at *6 (D. Haw. Dec. 2, 2024) (concluding that the lack of a halfway house *in Hawai'i* was not an extraordinary and compelling circumstance); *see also United States v. Thomas*, 181 F.3d 870, 875 (7th Cir. 1999) (affirming a district court's denial of a sentencing departure based on the absence of a halfway house near the defendant's residence or place of work). The

Court sees Macbeth's time at the halfway house — even if somewhat inconvenient — as an important step on his transition back to civilian life rather than a reason to terminate his sentence early.

Macbeth has failed to demonstrate that extraordinary and compelling reasons support a reduction in his sentence, so the Court need not consider whether the § 3553(a) factors weigh in favor of release. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021). His motions pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) therefore will be denied. The Court commends Macbeth on his progress and wishes him well on his impending transition to supervised release.

For these reasons, the Motions for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) filed by Defendant Jordan Macbeth (Docs. 37, 39) are **DENIED**.

**IT IS SO ORDERED.**

DATED:   February 10, 2026

*[signature]*

**NANCY J. ROSENSTENGEL**
**United States District Judge**